**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**RONNIE CATO,**

**Plaintiff,**

**v.**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF**
**SOCIAL SECURITY,**

**Defendant.**                                               **No. 08-CV-0774-DRH**


**<u>MEMORANDUM and ORDER</u>**

**HERNDON, Chief Judge:**

Now before the Court is Defendant's January 20, 2009 motion to dismiss Plaintiff's complaint (Doc. 8). Specifically, Defendant contends that the Court should dismiss Cato's complaint as it was not timely filed. On January 26, 2009, the Court entered an Order notifying Cato that the motion had been filed, that he had thirty days to file a response to the motion and that the failure to respond to the motion may result in the dismissal of his case (Doc. 9). The next day, Cato filed a one page letter requesting help and stating that he thinks that he is eligible for social security because he has type 2 diabetes, a heart problem and leg problems (Doc. 10). As of this date, Cato has not responded to the motion.

Defendant argues that Cato's suit is untimely. Specifically, Defendant

maintains that pursuant to the statute, Cato's suit should have been filed by October 29, 2008; that Cato did not request an extension of time with the Appeals Council and that Cato has not alleged any permissible basis for the Court to extend the sixty day limitation period. Based on the facts and the applicable law, the Court grants the motion.

Section 205(g) of Act, 42 U.S.C. § 405(g), sets forth the time limitation for commencing a civil action. Section 405(g) provides in part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

**42 U.S.C. § 405(g)**. Thus, a claimant must file a civil action in federal district court within sixty days after receiving the Appeals Council's notice. The date of receipt is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Council. **20 C.F.R. § 422.210(c)**.

Here, the Notice of Appeal Council is dated August 25, 2008. Thus, it is presumed that Cato received the Notice of Appeal Council by August 30, 2008. Therefore, Cato was required to file his complaint in this Court on or before October 29, 2008. Cato filed his complaint on November 4, 2008 (Doc. 1). Thus, Cato's case is untimely and barred by the sixty-day time limitation. Further, Cato has not presented any evidence to justify extending the statute of limitations. Thus, the Court finds that his case warrants dismissal.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's complaint (Doc. 8). The Court **DISMISSES with prejudice** Cato's

complaint as untimely.  Further, the Court **ORDERS** the Clerk of the Court to enter

judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 5th day of March, 2009.

/s/     David R Herndon

**Chief Judge**
**United States District Court**